IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CRAIG PATRICK GILL,            §<br>    Petitioner,                §<br>                                §<br>v.                              §          Civil Action No. 4:05-CV-0145-A<br>                                §<br>DOUGLAS DRETKE, DIRECTOR,       §<br>TEXAS DEPARTMENT OF CRIMINAL    §<br>JUSTICE, CORRECTIONAL INSTITUTIONS §<br>DIVISION,                       §<br>    Respondent.                 § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Craig Patrick Gill, TDCJ # 898141, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

In October 2000, Gill was charged by indictment in the 355th Judicial District Court of Hood

County, Texas, with burglary of a habitation. (Clerk's R. at 3.) On December 11, 2000, a jury found Gill guilty of the charged offense, and the trial court assessed his punishment at twenty years' confinement. (*Id.* at 27.) On November 14, 2002, the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Gill v. Texas*, No. 2-02-006-CR, slip op. (Tex. App.–Fort Worth Nov. 14, 2002) (not designated for publication). Gill did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Petition at 3.)

Gill has filed four applications for writ of habeas corpus in state court. The first, in which Gill sought additional pretrial credit for time served, was dismissed by the Texas Court of Criminal Appeals on December 18, 2002, because his direct appeal was still pending. *Ex pate Gill*, Application No. 54,298-01, at cover. The second and third applications, in which Gill challenges one or more prison disciplinary actions, were denied without written order by the Court of Criminal Appeals on April 30, 2003. *Ex parte Gill*, Application Nos. 54,298-02 & 54,298-03, at cover. The fourth application, in which Gill raised the issues presented herein, was denied without written order by the Court of Criminal Appeals on January 26, 2005. *Ex parte Gill*, Application No. 54,298-04, at cover. Gill filed this federal petition for writ of habeas corpus on February 14, 2005. Dretke has filed an answer with supporting brief and documentary exhibits, to which Gill has replied.

D. ISSUES

Gill raises thirty-two grounds for relief attacking his conviction and sentence (grounds one through twenty-five), one or more prison disciplinary actions (grounds twenty-six through thirty-one), and the prison's computation of his sentence (ground thirty-two). (Petition at 7 & Attachment.)

2

E.  STATUTE OF LIMITATIONS

Dretke argues that Gill's grounds one through thirty-one should be dismissed with prejudice as time-barred.  (Resp't Answer at 7-11.)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

As noted, Gill attacks his 2001 conviction and sentence in various respects in grounds one through twenty-five, alleging indictment defects, evidentiary insufficiency, trial court error, prosecution misconduct, erroneous jury instructions, and ineffective assistance of trial counsel. Gill

contends that he could not have discovered the factual basis of these claims before February 20, 2004, because he did not learn of certain documentary evidence until he was provided with a copy of the offense report and the victim's complaint by the Hood County Sheriff's Office in response to his written request.[1]  (Pet'r Reply at 2-3, Exhibit A1-A3.)  According to Gill, this newly discovered evidence supports his claims and demonstrates his actual innocence. (*Id.*) However, the offense report and any other facts necessary to support these claims (not their legal basis or all evidence supporting the claims), could have been discovered with the exercise of due diligence before or during trial.  Furthermore, the so-called newly discovered evidence does not establish that he is actually innocent of the crime for which he was convicted.[2]

Instead, subsection (A) governs when the limitations period began to run as to these claims, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, Gill's conviction became final upon expiration of the time that Gill had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on December 14, 2002.  *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  Thereafter, the one-year limitations period began to run and closed on December 14, 2003, absent any tolling.  Gill's relevant state habeas application raising the claims for the first time and filed after expiration of the federal limitations period did not operate to toll the

---

[1] Gill presents copies of various documents reflecting his alleged efforts to obtain free copies of his state court records.  (Pet'r Reply, Exhibits B1-4, F1-2, K.)

[2] Gill believes it is significant that the offense report shows the complainant as Clarisi Downing, whereas the indictment alleges the owner of the property as Kevin Downing, her husband.  Clarisi Downing testified at trial, however, that she and Kevin were and remain married and lived in the house at the time of the offense.  (5Reporter's R. at 21-22.)  Gill also believes the offense report contradicts Clarisi Downing's testimony at trial.  However, a careful review of both the report and Downing's testimony does not support this assertion.

running of the federal period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor do the circumstances of Gill's case warrant equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Neither a claim of actual innocence nor difficulty obtaining records or copies is a rare and exceptional circumstance that justifies application of the equitable tolling doctrine. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Thus, Gill's petition is untimely and should be dismissed as to grounds one through twenty-five.

Gill attacks one or more prison disciplinary actions and the resultant punishment, including loss of good time, in grounds twenty-six through thirty-one. His claims appear to stem from his refusal to "turn out" for his work assignment on June 25, 2002 through July 2, 2002, and the disciplinary hearings conducted on June 27, 2002, July 1, 2002, and July 3, 2002. (Disciplinary Proceeding "Affidavits.") The statute of limitations is applicable to a prison disciplinary proceeding. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002). In calculating the statute of limitations for disciplinary proceedings, the date of the disciplinary hearing decision is used as the factual predicate date, and the grievance procedure tolls the statute of limitations period if grievances are timely filed. *Id.* Therefore, it was necessary for Gill to raise these claims in a federal petition filed no later than June 27, 2003, July 1, 2003, and July 3, 2002, respectively, absent any tolling. Although Gill is entitled to tolling under the statutory tolling provision during the pendency of his relevant state habeas applications, filed on February 24, 2003 and March 7, 2003 and denied without written order on April 30, 2003, his federal petition is not rendered timely as a result. *See* 28 U.S.C. § 2244(d)(2). Gill is not entitled to additional tolling for the time his administrative

5

grievances were pending because the record indicates that his grievances were not timely and/or properly filed according to the prison's guidelines for filing grievances. (*Id.*; Pet'r Reply, Exhibits M-N3) Thus, his petition is untimely and should be dismissed as to grounds twenty-six through thirty-one.

### F. TIME CALCULATION

Gill contends that TDCJ erroneously increased his sentence by miscalculating the maximum expiration date of his sentence as January 30, 2020, which in turn has affected the computation of his flat and good time credits for purposes of parole eligibility. The record reflects that TDCJ has adjusted the begin and expiration dates of Gill's twenty-year sentence on three occasions and that TDCJ has not credited Gill for pretrial detention while released on bond. (Resp't Answer, Exhibit A; Pet'r Reply, Exhibits O-X.) Gill acknowledges in his reply that TDCJ made an adjustment after he filed his petition to show a maximum expiration date of July 19, 2019. (Pet'r Reply at 6; Resp't Answer, Exhibit A.) He fails to demonstrate how TDCJ's current calculation is erroneous. Furthermore, Gill has not demonstrated that a Texas inmate is entitled to credit for pretrial detention while released on bond, erroneously or not, as a matter of state or federal constitutional law, even if the effect is to extend his parole eligibility date, and no authority is found for this proposition. To the contrary, it appears state law requires only that a judge give credit to a defendant for the time the defendant spent in jail from the time of his arrest and confinement until his sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (Vernon Supp. 2005).

### II. RECOMMENDATION

Gill's petition for writ of habeas corpus should be dismissed with prejudice as time-barred as to grounds one through thirty-one and denied as to ground thirty-two.

6

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 13, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 13, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

    SIGNED August 23, 2005.

                                        /s/   Charles Bleil
                                        CHARLES BLEIL
                                        UNITED STATES MAGISTRATE JUDGE