

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CRAIG PATRICK GILL,          §
                             §
        Petitioner,          §
                             §
VS.                          §   NO. 4:05-CV-145-A
                             §
DOUGLAS DRETKE, DIRECTOR,    §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, CORRECTIONAL        §
INSTITUTIONS DIVISION,       §
                             §
        Respondent.          §

O R D E R

Came on for consideration the above-captioned action wherein
Craig Patrick Gill ("Gill") is petitioner and Douglas Dretke,
Director, Texas Department of Criminal Justice, Correctional
Institution Division, is respondent.  This is a petition for writ
of habeas corpus filed pursuant to 28 U.S.C. § 2254.  On August 23,
2005, the United States Magistrate Judge issued his proposed
findings, conclusions, and recommendation, and ordered that the
parties file objections, if any, thereto by September 13, 2005.  On
September 14, 2005, Gill filed his written objections.[1]  Respondent
has not made any further response.  In accordance with 28 U.S.C.
§ 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure,
the court makes a <u>de novo</u> determination of those portions of the
proposed findings or recommendations to which specific objection is

---

[1] Gill filed his objections beyond the magistrate judge's
deadline but avers he mailed them on September 10, 2005.  <u>See</u> Pet'r
Objections at 7.  Thus, the court concludes that the objections should
be considered.  <u>See</u> <u>Thompson v. Raspberry</u>, 993 F.2d 513, 515 (5th Cir.
1993).

made.  United States v. Raddatz, 447 U.S. 667 (1980).  The court is
not addressing any nonspecific objections or any frivolous or
conclusory objections.  Battle v. United States Parole Comm'n, 834
F.2d 419, 421 (5th Cir. 1987).

After reviewing petitioner's objections, the court concludes
that Gill has simply re-urged various of the grounds for relief as
alleged in his petition for writ of habeas corpus.  To the extent
that Gill attempts to state specific objections, Gill fails, other
than in conclusory fashion, to address the primary ground upon
which the magistrate judge premised his recommendation, namely that
all but one of Gill's claims is barred by the applicable statute of
limitations.  See 28 U.S.C. § 2244(d) (imposing one-year statute of
limitations for filing a petition for federal habeas corpus
relief); Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002)
(statute of limitations of 28 U.S.C. § 2244(d) also applies to
prison disciplinary proceeding).  As far as Gill's remaining claim
concerning the purported miscalculation of his sentence, Gill has
yet again failed to point the court to any authority that a Texas
inmate is entitled to credit for pretrial detention while released
on bond as alleged.

Therefore,

The court accepts the findings, conclusions and recommendation
of the magistrate judge and ORDERS that the petition in this action
be, and is hereby, dismissed with prejudice as time-barred as to
grounds one through thirty-one and denied as to ground thirty-two.

In light of such ruling, the court further ORDERS that Gill's

2

motion for appointment of counsel for effective utilization of discovery process, which was filed on September 9, 2005, is denied as moot.

SIGNED October 2 5, 2005.

JOHN McBRYDE
United States District Judge